1  PAUL HASTINGS LLP
2  Steven A. Marenberg (SB# 101033)
   stevenmarenberg@paulhastings.com
3  Josh B. Gordon (SB# 244818)
   joshgordon@paulhastings.com
4  1999 Avenue of the Stars
   Twenty-Seventh Floor
5  Los Angeles, California 90067-4605
   Telephone:  1(310) 620-5700
6  Facsimile:  1(310) 620-5899

7

8  Attorneys for Defendants Pixar Animation Studios,
   Pixar Talking Pictures, Walt Disney Motion Pictures
9  Group, and Kori Rae

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| SWEET CICELY DANIHER, | CASE NO. |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, & 1446** |
| PIXAR ANIMATION STUDIOS; PIXAR TALKING PICTURES; WALT DISNEY MOTION PICTURES GROUP; and KORI RAE | |
| Defendants. | |

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Pixar Animation Studios and Pixar Talking Pictures (together, "Pixar"), Walt Disney Motion Pictures Group, and Kori Rae (collectively, "Defendants"), by and through the undersigned counsel, hereby remove to this Court the state court action entitled *Daniher v. Pixar Animation Studios, et al.*, Case No. 21-CV-002627, filed on November 18, 2021, and pending in the Superior Court of California for the County of Alameda (the "Action"). As a short and plain statement of the grounds for removal, Defendants state the following:

1. On November 18, 2021, Plaintiff Sweet Cicely Daniher ("Plaintiff") commenced the Action by filing a state court complaint against Defendants. Declaration of Josh B. Gordon ("Gordon Decl."), Ex. 1 ("Complaint"). The Complaint purports to allege causes of action for: (1) breach of contract, (2) fraudulent misrepresentation, (3) fraudulent concealment, (4) constructive fraud, (5) promissory estoppel, and (6) unjust enrichment. *Id.* at ¶¶ 61-98.

2. Defendants are, respectively, the production studio (Pixar) and a producer (Ms. Rae) of the acclaimed 2020 animated feature-length motion picture *Onward*. Plaintiff served Defendants with a copy of the Complaint and Summons on December 22, 2021. Gordon Decl. ¶ 4, Ex. 2. Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b) (party has thirty (30) days to file notice of removal); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

3. Defendants have not filed an Answer or otherwise appeared or responded to the Complaint in state court. Gordon Decl. ¶ 8.

4. As discussed in more detail below, the Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 because several, if not all, causes of action set forth in the Complaint concern the alleged unauthorized use, copying, duplication, reproduction, performance, display, and distribution of imagery owned by Plaintiff, *i.e.*, a purple van with a unicorn mural painted on its side, in and in connection with Defendants' animated film, *Onward*.

5. Although nominally denoted under state law theories, Plaintiff's causes of action are preempted by the Copyright Act of 1976, as amended. *See* 17 U.S.C. § 301(a). Although Plaintiff's Complaint does not expressly allege copyright infringement, the Action is removable to this Court under the complete preemption doctrine, pursuant to which, despite their state court labels, Plaintiff's causes of action are within the original jurisdiction of the federal courts under 28 U.S.C. §§ 1331 and 1338(a). Causes of action that are not preempted by the Copyright Act, if any, are removable under 28 U.S.C. § 1441(c) and within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

I. **Removal Is Proper under the Complete Preemption Doctrine Because One or More of Plaintiff's Claims Are Preempted by The Copyright Act**

6. This Action is Plaintiff's second attempt to assert copyright claims against Defendants. In January 2020, Plaintiff filed a lawsuit against Defendants in this Court alleging, *inter alia*, copyright infringement under 17 U.S.C. §501 *et seq.* based on the same facts at issue here, each of which supposedly supported her federal causes of action (the "2020 Copyright Complaint"). Gordon Decl., Ex. 3. Plaintiff voluntarily dismissed that action, without prejudice, on March 19, 2020. *Id.*, Ex. 4. Plaintiff has recycled the same allegations from 2020 in this case, largely word-for-word, but now claims that those allegations support her newly-labeled state court causes of action. This tactical maneuver has no merit. A "plaintiff cannot defeat removal by masking or 'artfully pleading' a federal claim as a state claim." *Gatton v. T-Mobile USA, Inc.*, 2003 WL 21530185, at *7 (C.D. Cal. Apr. 18, 2003).

7. Specifically, the Complaint is removable under the "complete preemption" doctrine. Although removal based on federal-question jurisdiction is ordinarily governed by the "well-pleaded complaint rule," which requires that a federal question appear on the face of the complaint, that rule does not apply when there is "complete preemption" of a state law claim. *E.g., Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1120 (N.D. Cal. 2001) ("Under the complete preemption doctrine, where a statute enjoys extraordinary or unique pre-emptive force, the presence of a preemption defense under that statute converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."). "The Copyright Act

1  has complete preemptive force." *Pizarro v. Aguilar*, 2010 WL 11598015, at *2 (C.D. Cal. July 6, 2010) (citation omitted); *see also Metrano v. Fox Broad. Co., Inc.*, 2000 WL 979664, at *3 (C.D. Cal. Apr. 24, 2000) (holding that "state claims that are equivalent to federal copyright claims are completely preempted by the Copyright Act").

8.   The Ninth Circuit uses a two-prong test to determine whether a given claim is preempted under the Copyright Act: (1) whether the subject matter of the claim comes within the subject matter of copyright under the Copyright Act, and (2) whether the rights granted under state law are equivalent to any of the exclusive rights within the general scope of copyright. *Del Madera Prop. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987). If the answers to these questions are "yes," then the claim is preempted. *See id*. And "if any of the plaintiff's claims are preempted under the Copyright Act," the court has "subject matter jurisdiction over the entire complaint." *Firoozye*, 153 F. Supp. 2d at 1123; *see also NTD Architects v. Baker*, 2012 WL 2498868, at *8 (S.D. Cal. June 27, 2012) ("The preemption of just one claim is sufficient to warrant removal.").

9.   Here, the first prong is easily satisfied. Each of Plaintiff's claims is based on Defendants' purported use, copying, duplication, reproduction, and display in and in connection with *Onward* of imagery owned by Plaintiff, *i.e.*, the image of a purple van bearing a unicorn mural on its side (the "Vanicorn"). Such imagery comes within the subject matter of the Copyright Act. *See, e.g., Singh v. Nanayakkara*, 2014 WL 842774, at *4 (C.D. Cal. Mar. 4, 2014) ("Section 102(a) of the Copyright Act states that the subject matter of copyright is 'original works of authorship fixed in any tangible medium of expression.'"). In removing the Action on this basis, Defendants do not concede that Plaintiff has a valid copyright claim (she does not). But that is irrelevant for purposes of removal: The subject matter of the Complaint "does not necessarily have to be actually protected by a specific copyright or even itself be copyrightable." *Firoozye*, 153 F. Supp. 2d at 1124. Rather, like here, it simply must be "within the subject matter" of the Act. *Id*.

10.   The second prong requires examination of each of Plaintiff's state law claims. A state law claim will be preempted unless "there is an 'extra element' that is required in place of or in addition to the acts of reproduction, performance, distribution, or display in order to constitute a

state-law cause of action, and the 'extra element' required by state law changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Id*. at 1125. Here, none of Plaintiff's claims contains the necessary "extra element" to avoid preemption.

### A. Plaintiff's Breach of Contract Claim

11. Where a "breach of contract claim only asserts that a defendant violated a promise not to use a certain work, that breach of contract claim is preempted." *Id.* at 1128. Here, Plaintiff's breach of contract claim is premised on her contention that the parties' agreement did not permit Pixar to depict the Vanicorn in *Onward*, but Pixar did so without her consent and without compensation. *E.g.*, Gordon Decl., Ex. 1 ¶¶ 37, 43-57 (alleging that Defendants' "pilfered and unlawful duplication" of Plaintiff's Vanicorn in *Onward* "violates [Plaintiff's'] contract" with Pixar). Further, in her current pleading, Plaintiff relies on the *same* allegations and copyright buzzwords from her now-dismissed 2020 Copyright Complaint, such as "reproduced," "derivative work," "distribution," "public display," "infringing," and "copied without independent creation," etc., thus reinforcing the conclusion that Plaintiff again seeks to remedy alleged rights granted under the Copyright Act in this Action. *Compare* Gordon Decl., Ex. 1 (current Complaint) ¶¶ 47-57 *with* Ex. 3 (2020 Copyright Complaint) ¶¶ 52-62. Thus, the breach of contract claim sounds in copyright, as Defendants' alleged promise not to use the Vanicorn in this manner "does not prohibit any conduct beyond that prohibited by the Copyright Act." *Selby v. New Line Cinema Corp.*, 96 F.Supp.2d 1053, 1061-62 (C.D. Cal. 2000).

### B. Plaintiff's Fraud-Based Claims

12. Plaintiff's fraud-based claims similarly depend on the allegation that Defendants promised not to use the Vanicorn for any purpose other than as stated in the parties' contract, thereby implicitly promising not to use the Vanicorn in *Onward* or related promotional and marketing materials. *E.g.*, Gordon Decl., Ex. 1 ¶¶ 28, 65-66, 74, 82. In this, Plaintiff does not allege a misrepresentation dissimilar from Defendants' purported promises within the contract not to use the Vanicorn in the same prohibited manner. Although some fraud claims are not preempted due to the misrepresentation element, where, as here, the alleged misrepresentation pertains to the supposed unauthorized reproduction and distribution of a plaintiff's artwork, such claims are

preempted by the Copyright Act. *See e.g.*, *Giddings v. Vision House Prod.*, 2007 WL 2274800, at *3 (D. Ariz. Aug. 3, 2007) (fraud claim preempted because it was derived from defendants' unauthorized reproduction and distribution of plaintiff's artwork and, thus, not different from rights governed by copyright law); *Design Art v. NFL Props., Inc.*, 2000 WL 1919787, at *2 (S.D. Cal. Nov. 27, 2000) (fraud claim preempted because "plaintiffs contend[ed] that defendants fraudulently engaged in acts that are reserved for copyright holders"). Here too, Plaintiff's reliance on the same factual allegations as in her 2020 Copyright Complaint belies the contention that she has alleged additional misrepresentations that distinguish her present fraud-based claims from her prior copyright claims. *Compare* Gordon Decl., Ex. 1 ¶¶ 21-30 *with* Ex. 3 ¶¶ 26-35.

### C.   Plaintiff's Promissory Estoppel Claim

13.   The same reasoning applies to Plaintiff's promissory estoppel claim. Plaintiff alleges that (i) "Defendant Pixar made a clear and unambiguous promise" that it "would only be using" the Vanicorn for a limited, specific purpose and (ii) she has been injured by Pixar's "use of the Vanicorn" in *Onward*. Gordon Decl., Ex. 1 ¶¶ 88-91. That claim is not materially different than her contract and fraud-based claims and is similarly preempted. For example, where the alleged promise was not to *use* a work rather than a promise to *pay* for such use, the claim is akin to copyright and is preempted. *See e.g.*, *Morris v. Atchity*, 2009 WL 463971, at *10 (C.D. Cal. Jan. 13, 2009) (claim for promissory estoppel preempted because plaintiff claimed ownership of a derivative work).

### D.   Plaintiff's Unjust Enrichment Claim

14.   Lastly, in her unjust enrichment claim Plaintiff again alleges that Defendants received a benefit from the "*use* of the Vanicorn as a central character in *Onward*," Gordon Decl., Ex. 1 ¶ 94 (emphasis added), but failed to remunerate her for that use. *Id.* at ¶¶ 95-97. As courts have held in numerous other cases, this claim is preempted because it merely alleges that Defendants unfairly benefitted from their unauthorized *use* of Plaintiff's work and, therefore, contains the same elements as a copyright claim. *See e.g.*, *Firoozye*, 153 F. Supp. 2d at 1128 (unjust enrichment claim preempted where allegation was "that the defendants unfairly benefitted from their unauthorized use of" plaintiff's work); *AJ Mgmt. Consulting, LLC v. MBC FZ-LLC*, 2014 WL

2878891, at *6-7 (N.D. Cal. June 24, 2014) (same); *see also Kantemirov v. Goldine*, 2005 WL 1593533, at *5 (N.D. Cal. June 29, 2005) (unjust enrichment claim preempted); *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003) (same). As in these cases, Plaintiff's unjust enrichment claim does "not contain extra elements or assert rights that are qualitatively different from those protected by the Copyright Act" and, therefore, is preempted. *Kantemirov*, 2005 WL 1593533, at *5.

15. Based on the foregoing, Defendants submit that each of Plaintiff's claims is preempted by the Copyright Act and this Action is removable. In any event, even if fewer than all of the claims are preempted, that alone is enough to sustain removal. Only one of Plaintiff's claims need be preempted for the Court to exercise jurisdiction over the entire Complaint. *E.g.*, *NTD Architects*, 2012 WL 2498868, at *8 ("The preemption of just one claim is sufficient to warrant removal.").

## II. Defendants Have Satisfied the Procedural Requirements for Removal

16. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b).

17. The United States District Court for the Northern District of California embraces the county – Alameda County – in which the Action is now pending. Therefore, this action is properly removed to the Northern District of California pursuant to 28 U.S.C. §§ 84 and 1441(a).

18. Defendants are informed and believe that no other defendants have been named or served with the Summons and/or Complaint. Gordon Decl. ¶ 7.

19. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly (i) file written notice of this removal with the clerk of the state court in which the Action is currently pending and (ii) serve a copy of this notice on Plaintiff, as required by 28 U.S.C. § 1446(d).

20. By filing this Notice of Removal, Defendants do not waive any rights, privileges, or defenses.

WHEREFORE, Defendants respectfully request that the Action now pending in the Superior Court of California for the County of Alameda, bearing case number 21-CV-002627, be removed therefrom to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: January 19, 2022 | Respectfully submitted, |
| 3 | | PAUL HASTINGS LLP |
| 4 | | |
| 5 | | By: /s/ *Steven A. Marenberg* |
| | |     Steven A. Marenberg |
| 6 | | |
| 7 | | Attorneys for Defendants, Pixar Animation Studios, Pixar Talking Pictures, Walt Disney Motion Pictures Group, and Kori Rae |