PAUL HASTINGS LLP
Steven A. Marenberg (SB# 101033)
stevenmarenberg@paulhastings.com
Josh B. Gordon (SB# 244818)
joshgordon@paulhastings.com
1999 Avenue of the Stars
Twenty-Seventh Floor
Los Angeles, California 90067-4605
Telephone:  1(310) 620-5700
Facsimile:  1(310) 620-5899

Alyssa K. Tapper (SB# 324303)
alyssatapper@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
Pixar Animation Studios, Pixar Talking Pictures,
Walt Disney Motion Pictures Group, and Kori Rae

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWEET CICELY DANIHER,<br><br>Plaintiff,<br><br>vs.<br><br>PIXAR ANIMATION STUDIOS; PIXAR TALKING PICTURES; WALT DISNEY MOTION PICTURES GROUP; and KORI RAE<br><br>Defendants. | CASE NO.  5:22-cv-00372-BLF<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Removed on: January 19, 2022<br><br>Hearing Date: May 12, 2022<br><br>Trial Date: None set |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................................ 2

III.    PIXAR PROPERLY REMOVED PLAINTIFF'S COMPLAINT....................................... 4

    A.    Pixar Did Not Waive its Right to Remove this Case to Federal Court .................. 4

    B.    One or More of Plaintiff's Claims Are Preempted by The Copyright Act ............ 6

        1.    Settled Law Authorizes Removal of Preempted Claims............................ 6

        2.    The Subject Matter of Plaintiff's Claims Comes within the Subject Matter of the Copyright Act ............................................................... 8

        3.    The Rights Asserted in Each of Plaintiff's State Law Claims Are Equivalent to Rights within the Scope of the Copyright Act................... 10

            a)    Plaintiff's Breach of Contract Claim Is Preempted...................... 11

            b)    Plaintiff's Unjust Enrichment Claim Is Preempted...................... 14

            c)    Plaintiff's Fraud-Based Claims Are Preempted ........................... 15

            d)    Plaintiff's Promissory Estoppel Claim Is Preempted................... 17

IV.    CONCLUSION ........................................................................................... 18

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND -22-CV-00372

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AJ Mgmt. Consulting, LLC v. MBC FZ-LLC*,
2014 WL 2878891 (N.D. Cal. June 24, 2014) ...........................................................................15

*Altera Corp. v. Clear Logic*,
424 F.3d 1079 (9th Cir. 2005)..........................................................................................13, 14

*Art Attacks Ink, LLC v. MGA Ent., Inc.*,
2004 WL 7333799 (S.D. Cal. Oct. 7, 2004) ...............................................................................9

*Baldwin v. Perdue, Inc.*,
451 F. Supp. 373 (E.D. Va. 1978)..............................................................................................5

*Beighley v. FDIC*,
868 F.2d 776 (5th Cir. 1989)......................................................................................................5

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
373 F.3d 296 (2nd Cir. 2004) ....................................................................................................7

*Chesler/Perlmutter Prods. v. Fireworks Entm't, Inc.*,
177 F. Supp. 2d 1050 (C.D. Cal. 2001).....................................................................................12

*Del Madera Props. v. Rhodes & Gardner, Inc.*,
820 F.2d 973 (9th Cir. 1987)..............................................................................................8, 17

*Design Art v. NFL Props., Inc.*,
2000 WL 1919787 (S.D. Cal. Nov. 27, 2000) ....................................................................16, 17

*Design Data Corp. v. Unigate Enterprise, Inc.*,
2013 WL 360542 (N.D. Cal. Jan. 29, 2013) .............................................................................14

*Dielsi v. Falk*,
916 F.Supp. 985 (C.D. Cal. 1996).............................................................................................7

*Firoozye v. Earthlink Network*,
153 F. Supp. 2d 1115 (N.D. Cal. 2001) ............................................................................ *passim*

*Flam v. Flam*,
2016 WL 829163 (E.D. Cal. Mar. 3, 2016) .............................................................................10

*George v. Al-Saud*,
478 F. Supp. 773 (N.D. Cal. 1979) ............................................................................................5

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND -22-CV-00372

*Giddings v. Vision House Prod.*,
    2007 WL 2274800 (D. Ariz. Aug. 3, 2007) ........................................................................15, 16

*Kantemirov v. Goldine*,
    2005 WL 1593533 (N.D. Cal. June 29, 2005) ...................................................................7, 14

*Kenny v. Wal–Mart Stores, Inc.*,
    881 F.3d 786 (9th Cir. 2018) ............................................................................................5

*Litchfield v. Spielberg*,
    736 F.2d 1352 (9th Cir. 1984) .........................................................................................16

*Lowry's Reports, Inc. v. Legg Mason, Inc.*,
    186 F. Supp. 2d 592 (D. Md. 2002) .................................................................................16

*Meribear Productions, Inc. v. Vail*,
    2014 WL 12597609 (C.D. Cal. Aug. 5, 2014) ...................................................................6

*Metrano v. Fox Broad. Co., Inc.*,
    2000 WL 979664 (C.D. Cal. Apr. 24, 2000) .....................................................................7

*Montz v. Pilgrim Films & Television, Inc.*,
    649 F.3d 975 (9th Cir. 2011) ....................................................................................7, 8, 14

*Morris v. Atchity*,
    2009 WL 463971 (C.D. Cal. Jan. 13, 2009) ...................................................................17

*NTD Architects v. Baker*,
    2012 WL 2498868 (S.D. Cal. June 27, 2012) ................................................................6, 8

*Pizarro v. Aguilar*,
    2010 WL 11598015 (C.D. Cal. July 6, 2010) ....................................................................6

*Resolution Trust Corp. v. Bayside Developers*,
    43 F.3d 1230 (9th Cir. 1994)......................................................................................4, 5, 6

*Ritchie v. Williams*,
    395 F.3d 283 (6th Cir. 2005).............................................................................................7

*Rosciszewski v. Arete Associates, Inc.*,
    1. F.3d 225, 232-33 (4th Cir. 1993) .................................................................................7

*Rumble, Inc. v. Daily Mail and General Trust PLC*,
    2020 WL 2510652 (C.D. Cal. Feb. 12, 2020).............................................................11, 12

*Ryan v. Editions Ltd. West, Inc.*,
    786 F.3d 754 (9th Cir. 2015).............................................................................................8

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

*Selby v. New Line Cinema Corp.*,
   96 F. Supp. 2d 1053 (C.D. Cal. 2000) .................................................................9, 12

*SST Records, Inc. v. Mould*,
   2013 WL 12131167 (C.D. Cal. July 10, 2013) ...........................................................14

*Sybersound Records, Inc. v. UAV Corp.*,
   517 F.3d 1137 (9th Cir. 2008) .....................................................................................8

*Terarecon, Inc. v. Fovia, Inc.*,
   2006 WL 1867734 (N.D. Cal. July 6, 2006) ...............................................................16

*Tiar v. William Morris Endeavor Entm't, LLC*,
   2013 WL 12123239 (C.D. Cal. Sept. 9, 2013) ..............................................................7

*Valente–Kritzer Video v. Pinckney*,
   881 F.2d 772 (9th Cir. 1989) ......................................................................................16

*Whitaker v. Astrue*,
   2016 WL 146069 (N.D. Cal. Jan. 13, 2016) ...............................................................10

*Wilder v. CBS Corp.*,
   2016 WL 693070 (C.D. Cal. Feb. 13, 2016) .....................................................7, 13, 14

*Worth v. Universal Pictures, Inc.*,
   5 F. Supp. 2d 816 (C.D. Cal. 1997) ..............................................................................7

*Wrench LLC v. Taco Bell Corp.*,
   256 F.3d 446 (6th Cir. 2001) ......................................................................................12

*Zamani v. Carnes*,
   491 F.3d 990 (9th Cir. 2007) ......................................................................................10

*Zito v. Steeplechase Films, Inc.*,
   267 F. Supp. 2d 1022 (N.D. Cal. 2003) ......................................................................14

**Statutes**

17 U.S.C.
   § 102(a) ..........................................................................................................................9
   § 301 ............................................................................................................................6, 7
   § 501 *et seq.* ..................................................................................................................3

28 U.S.C.
   § 1331 ..............................................................................................................................6
   § 1441(b) .........................................................................................................................6

1

2

**Other Authorities**

3

1 NIMMER ON COPYRIGHT § 1.16 (2021) ........................................................................8, 9

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I.    **INTRODUCTION AND SUMMARY OF ARGUMENT**

2         On January 19, 2022, Defendants Pixar Animation Studios, Pixar Talking Pictures, Walt

3    Disney Motion Pictures Group, and Kori Rae (collectively, "Pixar" or "Defendants"), removed this

4    case to this Court from Alameda Superior Court.  Dkt. No. 1.  As Pixar explained in its Notice of

5    Removal, Pixar did so under the well-settled doctrine of complete copyright preemption.  *Id.*

6         The case was properly removed to this Court and nothing in Plaintiff Sweet Cicely

7    Daniher's ("Plaintiff") motion presents a cognizable basis to remand.  Each of Plaintiff's claims is

8    preempted by the Copyright Act.  According to her own express allegations, the crux of Plaintiff's

9    complaint is that Pixar "copied without independent creation" Plaintiff's van with a unicorn mural

10   painted on the side (the "Vanicorn") and "reproduced" that van in its animated motion picture,

11   *Onward*, thereby "infringing" on Plaintiff's rights.  Corcoran Decl., Ex. A ("Complaint"), ¶¶47-57.

12   Although Plaintiff asserts various state law causes of action to secure relief, including breach of

13   contract, unjust enrichment, promissory estoppel, and variations of fraud-based theories, the wrong

14   alleged by Plaintiff – Pixar's reproduction and use of the Vanicorn in *Onward* – falls within the

15   exclusive rights enumerated in Section 106 of the Copyright Act.  Indeed, Plaintiff previously

16   recognized as much; in 2020 she sought relief on the same facts by filing a federal copyright

17   infringement case in this District (which she voluntarily dismissed after Pixar informed her of the

18   numerous fatal flaws with that lawsuit – including the fact that the unicorn mural on her van is not

19   her original work, but a slavish copy of another's prior work).

20        In this Circuit and others, the Copyright Act has complete preemptive force and, under the

21   complete preemption doctrine, "the presence of a preemption defense … converts an ordinary state

22   common law complaint into one stating a federal claim …."  *Firoozye v. Earthlink Network*, 153

23   F. Supp. 2d 1115, 1120 (N.D. Cal. 2001) (citing, among other cases. *Metropolitan Life Ins. Co. v.

24   Taylor*, 481 U.S. 58, 65 (1987)).  Furthermore, the presence of a preemption defense for even one

25   state law claim is sufficient to permit removal of the entire Complaint and defeat Plaintiff's motion.

26   Here, as explained below, all of Plaintiff's state law claims provide a basis for removal.[1]

27   _____

28   [1] As explained in more detail below (see Part III.B.3, *infra*), Plaintiff's motion only disputes that
     her breach of contract claim provides a basis for removal and does not address, at all, any of the

- 1 -

None of the arguments asserted in Plaintiff's brief alters this conclusion.  More specifically, we address below how each of Plaintiff's causes of action meets the two-part test for copyright preemption: (i) the subject matter of the claims falls within the subject matter of copyright; and (ii) as pleaded, the rights granted under state law are equivalent to the exclusive rights specified by Section 106 of the Copyright Act.  Plaintiff's argument that she does not own a copyright registration for the Vanicorn, and thus she is not suing on rights protected by copyright, is misplaced.  The test for preemption is not whether Plaintiff's work is protected by copyright, but whether it is *the kind of work* that is within the subject matter of the Copyright Act, which the mural of a unicorn painted on the metal surface of her van undoubtedly is.  And, as noted, the alleged wrongful conduct that Plaintiff contends gives rise to relief is equivalent (indeed, identical) to the reproduction, display, and distribution rights denominated by Section 106.

Finally, Plaintiff's suggestion that Defendants have waived any right to remove this case is unsupported by fact or law.  *See* Part III.A, *infra*.  Defendants took no action in this case evidencing a waiver.  To the contrary, the *first and only* action by Defendants here was to remove the case to this Court.  Nor does Defendants' advice to Plaintiff's counsel in 2020 that Plaintiff's ill-fated copyright claim was, for many reasons, legally deficient, constitute a waiver of the right to remove this case.

Accordingly, Plaintiff's claims are preempted by the Copyright Act and her motion to remand should be denied.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

As alleged in her Complaint, Plaintiff has owned the Vanicorn, a van with a mural of a unicorn painted on its side, since 2014.  *E.g.*, Complaint, ¶¶15-17.  In September 2018, a Pixar employee contacted Plaintiff and inquired whether Pixar might rent her van for a one-day festival hosted for Pixar employees and their families ("Pixar Day").  *Id.*, ¶¶20-22 & Ex. C.  Plaintiff agreed, and the parties executed a written contract.  *Id.*, ¶25 & Ex. D (the "Vehicle Lease").  As described by Plaintiff, the Vehicle Lease provided that Pixar "would rent the Plaintiff's Vanicorn at a

---

other state law claims that formed the basis of Pixar's Notice of Removal.  On that ground alone, the motion to remand must be denied.

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

1   confidential rate per day 'for [Pixar's] rental of the vehicle(s) … in connection with the'" Pixar

2   Day event. *Id.*, ¶26. The parties performed the contract: Plaintiff provided her van, Pixar paid the

3   agreed sum, and Pixar returned the van on time and undamaged. *See id.*, ¶31.

4        Notably, Plaintiff's Complaint does not include any allegation that Pixar breached the

5   Vehicle Lease's express terms, such as by using the Vanicorn in physical form outside of the Pixar

6   Day event, by not paying the agreed sum, or by damaging the Vanicorn in any way. *See id.* Rather,

7   Plaintiff alleges that "a good time was had by all" *until* she learned in May 2019 that *Onward*

8   featured a van called "Guinevere," which she contends "is a direct copy and/or visual duplication

9   and/or doppelganger" of her Vanicorn, including "the exterior mural of a unicorn." *Id.*, ¶35.[2]

10        This case is Plaintiff's second attempt to seek relief for Defendants' supposed "copying"

11   and "duplication" of her Vanicorn in *Onward*. In January 2020, Plaintiff filed a federal lawsuit

12   against Defendants in this District alleging, *inter alia*, copyright infringement under 17 U.S.C. §501

13   *et seq.* Corcoran Decl., Ex. B (the "2020 Copyright Complaint"). For example, Plaintiff alleged

14   that Pixar "copied without independent creation," "reproduced," and "distributed" the Vanicorn in

15   *Onward*, and in this manner "used [her] Vanicorn to be the Guinevere character in *Onward*." *Id.*,

16   ¶¶ 56, 58, 62, 64. These allegations supposedly supported her federal causes of action. *See*

17   *generally id.*, ¶¶52-64.

18        To avoid expensive and meritless litigation, Pixar's counsel contacted Plaintiff's counsel in

19   March 2020 and informed him of the many flaws in his client's federal lawsuit. For example, after

20   explaining why Plaintiff could not substantiate her claims under the DMCA and other statutes,

21   counsel explained that Plaintiff also could not substantiate her claim for copyright infringement

22   

---

23   [2] Setting aside that the mythical creature painted on the Guinevere van in *Onward* is a pegasus, not

24   a unicorn, Pixar has explained to Plaintiff's counsel that her allegations of copying are demonstrably false. Pixar wanted to rent Plaintiff's van for the Pixar Day event because that van

25   resembled a character that Pixar had been developing for at least a year, *i.e.*, since at least September 2017. *See, e.g.*, https://d23.com/gallery/onward-concept-art-gallery/. In fact, in email

26   correspondence surrounding the rental of the Vanicorn, Pixar asked Plaintiff for permission to make non-permanent, not damaging changes to her van, including "hanging a spare tire on the back, some

27   rope and tape on the fenders and bobble heads on the dash." Corcoran Decl., Ex. C at 4 (email from Clausen to Daniher, dated Sept. 5, 2018 at 9:58 AM). That is, Pixar wanted to modify

28   (temporarily) the Vanicorn to make it look more like Guinevere, not the other way around.

because (i) she did not paint the unicorn image on her van and, (ii) even worse, the person who painted that image copied another person's preexisting work.  Corcoran Decl., Ex. C.  Counsel provided publicly-available evidence of both of these facts, including a screen image from Plaintiff's own Instagram account,[3] and a link to an image of the preexisting work painted on Plaintiff's van, "Moonlight Magic" by Sharlene Lindskog-Osorio.  *Id.* (citing https://www.flickr.com/photos/20985396@N07/2042888245/lightbox/).  In light of these facts, Plaintiff dismissed her 2020 Copyright Complaint in March 2020, *id.*, Ex. D, and cancelled her purported copyright registration, *id.*, Ex. E.

Over 18 months later, Plaintiff filed this lawsuit in Alameda County Superior Court, recycling the same allegations she had pleaded in support of her federal claims to support her new state law claims.  *Compare* Complaint, ¶¶47-59 *with* 2020 Copyright Complaint, ¶¶52-64.  As just one example, Plaintiff's claims are again premised on same assertion, using the same language, that Pixar "copied without independent creation," "reproduced," and "distributed" the Vanicorn in *Onward*, and in this manner "used [her] Vanicorn to be the Guinevere character in *Onward*." Complaint, ¶¶49, 53, 57, 59.  Recognizing, *inter alia*, that Plaintiff again seeks relief for the same alleged misconduct and that the rights she purports to assert are exclusive rights enumerated in the Copyright Act, Defendants filed a Notice of Removal on January 19, 2022.  Dkt. No. 1.  This motion followed.

**III.    PIXAR PROPERLY REMOVED PLAINTIFF'S COMPLAINT**

       **A.    <u>Pixar Did Not Waive its Right to Remove this Case to Federal Court</u>**

Plaintiff's contention that Pixar waived the right to remove this action is meritless.  As the cases she cites make clear, a party "may waive the right to remove to federal court where, *after it is apparent that the case is removable*, the defendant *takes actions in state court* that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right in a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (emphasis added).  That is not the situation here.  Plaintiff does not cite to any action taken by Pixar in state

---

[3] The Instagram image is attached as Exhibit 2 to the Declaration of Alyssa Tapper ("Tapper Decl.") filed with this Opposition.

1   court before Pixar filed its Notice of Removal on January 19, 2022, let alone an action that

2   manifested Pixar's intent to adjudicate her claims in state court.  *See* Mot. at 4-5.  Nor could she,

3   as the *only* action Pixar took in state court was to file its Notice of Filing of Notice of Removal to

4   this Court that same day.  Tapper Decl., ¶3 & Ex. 1.  Under settled Ninth Circuit law, therefore,

5   Pixar did not waive its right to remove this case.  *E.g., Resolution Trust*, 43 F.3d at 1240 ("A waiver

6   of the right of removal must be clear and unequivocal."); *see also Kenny v. Wal–Mart Stores, Inc*.,

7   881 F.3d 786, 792 (9th Cir. 2018) (citing *Resolution Trust* and reversing finding of waiver where

8   defendant "did not manifest an intent to litigate in state court, much less an intent to affirmatively

9   abandon its right to a federal forum.") (quotations omitted).[4]

10      Unable to fit the facts of this case within the Ninth Circuit's standard for waiver, Plaintiff

11  instead contends that correspondence between counsel in March 2020, after she filed the 2020

12  Copyright Complaint, reflects Pixar's intent not to litigate her claims in federal court.  *See* Mot. at

13  4-6.  For example, she argues that "Defendants cannot have it both ways" because "they had a

14  chance to litigate this matter in federal court and chose instead to advise the Plaintiff of the utter

15  vacuum of jurisdiction in federal court for her grievances against the Defendants over the Vehicle

16  Lease."  *Id*. at 4, 5-6.  Plaintiff's argument fails for several reasons.

17      First, correspondence between counsel concerning Plaintiff's *previous* federal lawsuit

18  cannot serve to waive removal of Plaintiff's *subsequent* state court action because Pixar did not and

19  could not know at the time that Plaintiff would attempt to re-file in state court.  In short, the

20  threshold requirement that the defendant be aware that "the case is removable," *Resolution Trust*,

21  43 F.3d at 1240, cannot exist for a later, not-yet-filed lawsuit.  *See Kenny*, 881 F.3d at 791 ("We

22  have made clear that we will not charge defendants with notice of removability until they have

23  received a paper that gives them enough information to remove.").

24  [4] None of the other cases cited by Plaintiff, each of which the Ninth Circuit cited in *Resolution*

25  *Trust*, holds differently.  *See Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989) (taking
    preliminary steps to set aside a default judgment cannot be waiver because "the right of removal is

26  not lost by action in the state court short of proceeding to an adjudication on the merits"); *George*
    *v. Al-Saud*, 478 F. Supp. 773, 774 (N.D. Cal. 1979) (finding no waiver where defendant filed a

27  permissive counterclaim before the case was known to be removable); *cf. Baldwin v. Perdue, Inc.*,
    451 F. Supp. 373, 375-76 (E.D. Va. 1978) (holding defendant's cross-claim in state court

28  constituted submission to state court jurisdiction and waiver of removal).

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

Second, even if such correspondence could constitute a waiver, it still must be "clear and unequivocal." *Resolution Trust*, 43 F.3d at 1240.  That is not the situation here, as Plaintiff misunderstands or misrepresents the email in question.  *See* Mot. at 4-5.  In fact, that email demonstrates that counsel for Pixar addressed the lack of merit to Plaintiff's 2020 Copyright Complaint, not the issue of subject matter jurisdiction (let alone removal).  Corcoran Decl., Ex. C. Nowhere in that email did counsel "advise the Plaintiff of the utter vacuum of jurisdiction in federal court for her grievances against the Defendants." Mot. at 5-6.  We address below Plaintiff's related, misplaced contention that her lack of a copyright in the mural painted on her van (the "Unicorn Mural") nullifies Pixar's preemption argument, but, as a threshold matter, nothing in counsel's March 2020 email constituted a "clear and unequivocal" waiver of Pixar's right to remove Plaintiff's present Complaint to this Court.

**B.** **One or More of Plaintiff's Claims Are Preempted by The Copyright Act**

**1.** **Settled Law Authorizes Removal of Preempted Claims**

A state-court action is properly removed to federal court if the complaint contains a "claim or right arising under" federal law.  28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1331.  Although removal based on federal-question jurisdiction is ordinarily governed by the "well-pleaded complaint rule," which requires that a federal question appear on the face of the complaint, that rule does not apply when there is "complete preemption" of a state law claim. *E.g., Firoozye*, 153 F. Supp. 2d at 1120 (citing cases).  "Under the complete preemption doctrine, where a statute enjoys extraordinary or unique pre-emptive force, the presence of a preemption defense under that statute converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. (*citing Metropolitan Life Ins.*, 481 U.S. at 65).

Numerous district courts in California have agreed that the Copyright Act has "complete preemptive force." *Pizarro v. Aguilar*, 2010 WL 11598015, at *2 (C.D. Cal. July 6, 2010) (citation omitted); *accord Firoozye*, 153 F. Supp. 2d at 1123 (citing cases and concluding that "the Copyright Act completely preempts state-law claims within the scope of [17 U.S.C. §301]"); *Meribear Productions, Inc. v. Vail*, 2014 WL 12597609, at *5 (C.D. Cal. Aug. 5, 2014) (citing cases and concluding that "the complete preemption doctrine applies to the Copyright Act"); *NTD Architects*

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

*v. Baker*, 2012 WL 2498868, at *6 (S.D. Cal. June 27, 2012) (conducting analysis and concluding that "the Copyright Act completely preempts state-law claims within the scope of section 301"); *Kantemirov v. Goldine*, 2005 WL 1593533, at *4 (N.D. Cal. June 29, 2005) ("Courts have held that state law claims that are equivalent to federal copyright claims are completely preempted by the Copyright Act."); *Metrano v. Fox Broad. Co., Inc.*, 2000 WL 979664, at *3 (C.D. Cal. Apr. 24, 2000) (holding that "state claims that are equivalent to federal copyright claims are completely preempted by the Copyright Act"); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 821 (C.D. Cal. 1997) ("Complete preemption has been found for claims brought under the Copyright Act."); *Dielsi v. Falk*, 916 F.Supp. 985, 993 (C.D. Cal. 1996) (citing cases and holding that "preempted copyright claims can be removed to federal court").

Plaintiff does not seriously contest any of these principles.  Indeed, virtually all of the cases she cites acknowledge them.  *E.g., Wilder v. CBS Corp.*, 2016 WL 693070, at *5 (C.D. Cal. Feb. 13, 2016) ("The Copyright Act explicitly preempts state laws that regulate in the area of copyright.").  Instead, relying on a single sentence from a single case from the Central District, Plaintiff suggests that the Ninth Circuit itself has not added the Copyright Act to the list of statutes with complete preemptive force.  *See* Mot. at 9.  That assertion is incorrect.[5]  On multiple occasions, the Ninth Circuit has held that the "Copyright Act of 1976 expressly preempts state claims where the plaintiff's work 'comes within the subject matter of copyright' and the state law grants 'legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright.'"  *Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 979 (9th Cir. 2011); *see also*

_____

[5] Plaintiff's citation to *Tiar v. William Morris Endeavor Entm't, LLC*, 2013 WL 12123239 (C.D. Cal. Sept. 9, 2013) does not demonstrate otherwise.  That one case from the Central District is an outlier and articulates an unduly restrictive view of copyright preemption; it is outweighed by the many cases cited herein, such as *Firoozye* from this District, that apply the Ninth Circuit's preemption test in the copyright context, including in connection with removal.  In addition, *Tiar* is factually distinguishable.  There, the court noted that one paragraph in plaintiff's state court complaint addressing copyright infringement was an "accidental hold-over" from the since-dismissed federal court complaint.  *Tiar*, 2013 WL 12123239, at *1, n.1.  That is not the case here, as Plaintiff recycles her allegations, largely word-for-word, from her prior copyright complaint.  Moreover, as discussed in *Firoozye*, other circuits have also held that copyright preemption can support removal to federal court.  *E.g., Rosciszewski v. Arete Associates, Inc.*, 1. F.3d 225, 232-33 (4th Cir. 1993)*; see also Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305-06 (2nd Cir. 2004); *Ritchie v. Williams*, 395 F.3d 283, 285-87 (6th Cir. 2005).

*Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 760 (9th Cir. 2015) (citing *Montz* for the preemption standard under the Copyright Act); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) ("The Copyright Act explicitly preempts state laws that regulate in the area of copyright.").

This two-part test for preemption, reiterated in *Montz* and followed by each of the district court cases cited above, applies to Plaintiff's Motion: (1) the subject matter of the claims "must come within the 'subject matter of copyright' as defined in Sections 102 and 103 of the Copyright Act;" and (2) the rights granted under state law must be 'equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106 of the Copyright Act." *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987); *accord* Mot. at 7.  If the answers to these questions are "yes," then the claim is preempted.  *See Del Madera*, 820 F.2d at 976.  Furthermore, "if any of the plaintiff's claims are preempted under the Copyright Act," the court has "subject matter jurisdiction over the entire complaint." *Firoozye*, 153 F. Supp. 2d at 1123; *see also NTD Architects*, 2012 WL 2498868, at *8 ("The preemption of just one claim is sufficient to warrant removal.").  Here, Plaintiff's claims satisfy both prongs of the preemption test.  As a result, because at least one of her claims is preempted, all of her claims are properly removed.

### 2.    The Subject Matter of Plaintiff's Claims Comes within the Subject Matter of the Copyright Act

In one cursory paragraph, Plaintiff mistakenly contends that her claims do not satisfy the first prong of the preemption test because she does not own a copyright in the Unicorn Mural painted on the Vanicorn and, as a result, she cancelled her copyright registration.  Mot. at 7.  That argument ignores settled law holding that "the scope of the subject matter of copyright law is broader than the protections it affords." *Montz*, 649 F.3d at 979 (quoting 4 NIMMER ON COPYRIGHT §19D.03[A][2][b] (2010)).  As the Nimmer treatise states, it "is clear that failure to meet the required standards for federal protection cannot negate preemption." 1 NIMMER ON COPYRIGHT § 1.16 (2021).  Accordingly:

> [A] work that, by reason of its content, falls "within the subject matter of copyright as specified by Sections 102 and 103" must also be deemed within the ambit of federal preemption, even if it happens to be ineligible for federal protection for such

1
2

reasons as lack of originality or failure to bear a required notice.  As has often been observed, "the shadow actually cast by the Act's preemption is notably broader than the wing of its protection."

3  *Id*.  Numerous cases have reached the same conclusion in connection with the preemption analysis.

4  *See, e.g., Firoozye*, 153 F. Supp. 2d at 1124 (holding that the subject matter in question "does not

5  necessarily have to be actually protected by a specific copyright or even itself be copyrightable; it

6  just has to be within the subject matter of the Act"); *Selby v. New Line Cinema Corp.*, 96 F. Supp.

7  2d 1053, 1058 (C.D. Cal. 2000) (agreeing that "ideas embodied in a work covered by the Act are

8  nevertheless within the subject matter of copyright for purposes of preemption because scope and

9  protection are not synonymous") (internal quotations omitted).

10  Accordingly, the determinative issue on the first prong of the preemption test is not, as

11  Plaintiff suggests, whether the subject matter of her claims *is protected* by copyright.  *Cf.* Mot. at

12  7.  Rather, as Judge Breyer noted in *Firoozye*, "the issue for the purpose of a preemption analysis

13  is whether the work involved *is a kind of work* that comes within the subject matter of the Copyright

14  Act."  *Firoozye*, 153 F. Supp. 2d at 1125 (emphasis added); *see also id*. at 1124-25 ("After all, the

15  subject matter of copyright is broader than the Act's protections, so material that falls within a

16  category that is eligible for protection in certain instances must come within the Act's subject

17  matter.").

18  Here, the subject matter of Plaintiff's claims unquestionably meets this test.  Plaintiff's

19  Complaint is very specific about what she supposedly created and Pixar supposedly "copied"

20  without her consent, as she (i) describes her Vanicorn as "a mobile mural and/or a superlative work

21  of automotive art, with her very particular mural applied thereon," Complaint, ¶17, and (ii)

22  describes the Unicorn Mural as designed "with tremendous specificity regarding the colors utilized

23  and shading thereof, the flowing locks of hair, the flashes of lightning, and a general outer space

24  and mythological visual milieu," *id*. ¶15.  That artwork, particularly the Unicorn Mural, comes

25  within the subject matter of the Copyright Act because such artwork *can constitute* an original work

26  of authorship fixed in a tangible medium of expression.  *E.g*., 17 U.S.C. § 102(a); *see also Art*

27  *Attacks Ink, LLC v. MGA Ent., Inc.,* 2004 WL 7333799, at *2 (S.D. Cal. Oct. 7, 2004) (holding that

28

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

1  plaintiff's "airbrushed artwork … falls within the Copyright Act's purview").  Indeed, Plaintiff's

2  Vanicorn contains a work of authorship (the Unicorn Mural) fixed on a tangible medium (the van),

3  and thus that work "falls within a category that is eligible for protection in certain instances" and

4  "must come within the Act's subject matter" for purposes of preemption.  *Firoozye*, 153 F. Supp.

5  2d at 1124-25.

6         **3.**        **The Rights Asserted in Each of Plaintiff's State Law Claims Are**

7                  **Equivalent to Rights within the Scope of the Copyright Act**

8       Plaintiff also fails to refute that her claims meet the second prong of the preemption test.

9  As an initial matter, although Pixar's Notice of Removal addressed each of Plaintiff's state law

10  claims and expressly removed her entire Complaint, Dkt. No. 1, Plaintiff's Motion only addresses

11  the second prong of the test in connection with *one claim*—her breach of contract claim.  Mot. at

12  6-8.  Plaintiff makes no attempt whatsoever to argue that her claims for unjust enrichment, fraud,

13  and promissory estoppel should be remanded to state court.  *See id.*  That failure is fatal to Plaintiff's

14  Motion because arguments not raised in a party's motion are deemed waived.  *See, e.g., Whitaker*

15  *v. Astrue*, 2016 WL 146069, at *2, n.1 (N.D. Cal. Jan. 13, 2016).  Nor may Plaintiff argue for the

16  remand of her non-contract claims for the first time in her reply brief.  *See Zamani v. Carnes*, 491

17  F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first

18  time in a reply brief."); *Flam v. Flam*, 2016 WL 829163, at *5, n.4 (E.D. Cal. Mar. 3, 2016) (holding

19  that remand based on arguments made for the first time on reply is improper).

20       Plaintiff's Motion can and should be denied for this reason alone.  Plaintiff's failure to argue

21  that her non-contract claims should be remanded is a tacit concession that those claims are

22  preempted and properly before this Court.  And "if any of the plaintiff's claims are preempted under

23  the Copyright Act," the court has "subject matter jurisdiction over the entire complaint, thereby

24  requiring the Court to deny the plaintiff's motion for remand."  *Firoozye*, 153 F. Supp. 2d at 1123.

25       For completeness, we address each of Plaintiff's claims below and explain why one or more

26  of those claims are preempted.  Whether on account of the following analysis or because of

27  Plaintiff's failure to make any argument regarding her non-contract claims, this Court has subject

28

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

matter jurisdiction over Plaintiff's entire Complaint and, therefore, should deny Plaintiff's Motion in its entirety.

### a)      Plaintiff's Breach of Contract Claim Is Preempted

A state law claim will be preempted unless "there is an 'extra element' that is required in place of or in addition to the acts of reproduction, performance, distribution, or display in order to constitute a state-law cause of action, and the 'extra element' required by state law changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Firoozye*, 153 F. Supp. 2d at 1125.  Most relevant to Plaintiff's Motion, "to evade copyright law's preemptive sweep, breach of contract claims must affect rights unrelated to those held under federal copyright law." *Rumble, Inc. v. Daily Mail and General Trust PLC*, 2020 WL 2510652, at *4 (C.D. Cal. Feb. 12, 2020).  Plaintiff agrees with this standard, but misapplies it.  She fails to demonstrate that she has pleaded an "extra element" that distinguishes her breach of contract claim from a claim that asserts rights protected by copyright.  *See* Mot. at 7-8.

Plaintiff's argument boils down to this: She "simply has the Vehicle Lease with the Defendants," and her "rights thereunder" are not equivalent to those protected by the Copyright Act.  *Id*. at 7.  That is not a sufficient distinction, however, because the mere existence of a contract does not immunize her claim from "copyright law's preemptive sweep."  *Rumble*, 2020 WL 2510652, at *4.  Instead, the relevant inquiry concerns what rights under that contract Plaintiff attempts to assert.

For example, a breach of contract claim that concerns an agreement to pay for the use of copyrighted material may not be preempted because "the right to payment constitutes an 'extra element' distinct from copyright."  *Id*. (*citing Montz*, 649 F.3d at 980).  In contrast, where, as here, a "breach of contract claim only asserts that a defendant violated a promise not to use a certain work, that breach of contract claim is preempted."  *Firoozye*, 153 F. Supp. 2d at 1128.  Plaintiff ignores this distinction, likely because her Complaint contains *no allegations* that Pixar promised to pay for its alleged unauthorized use of the Vanicorn but failed to do so.  Nor could it.  As Plaintiff

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

1 concedes, the parties' contract provided for a specific payment for Pixar's use of Plaintiff's van on

2 a certain day, an obligation that Pixar performed in full.  *See* Complaint, ¶31.[6]

3    Instead, Plaintiff bases her breach of contract claim on the allegation that the parties'

4 agreement did not permit Pixar to depict the Vanicorn *in Onward*, but Pixar did so anyway without

5 her consent and without compensation.  *E.g.*, *id.*, ¶¶37, 43-57 (alleging that Defendants' "pilfered

6 and unlawful duplication" of Plaintiff's Vanicorn in Onward "violates [Plaintiff's'] contract" with

7 Pixar).  There is no "extra element" in that allegation.  Rather, Pixar's alleged promise not to use

8 the Vanicorn in this manner "does not prohibit any conduct beyond that prohibited by the Copyright

9 Act."  *Selby*, 96 F. Supp. 2d at 1061-62.  *See also Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446,

10 457 (6th Cir. 2001) ("If the [contractual] promise amounts only to a promise to refrain from

11 reproducing, performing, distributing or displaying the work, then the contract claim is

12 preempted."); *Rumble, Inc.*, 2020 WL 2510652, at *4 ("When, as here, a contractual term does no

13 more than promise not to infringe on copyrighted works, claims stemming from that term's breach

14 are preempted and the plaintiff's exclusive remedy lies under the Copyright Act").

15    Plaintiff's entire Complaint reinforces this conclusion, as throughout that pleading Plaintiff

16 relies on the same allegations and copyright buzzwords from her now-dismissed 2020 Copyright

17 Complaint—such as "reproduced," "derivative work," "distribution," "public display,"

18 "infringing," and "copied without independent creation"—on which she based her previous claims

19 for copyright infringement.  *Compare* Complaint, ¶¶47-57 *with* 2020 Copyright Complaint, ¶¶52-

20 62.  It is no accident, therefore, that Plaintiff cannot identify an extra element in her breach of

21 contract claim that is qualitatively different from the rights protected by copyright.

22    To salvage her claim, Plaintiff attempts to distinguish between "use" of the Vanicorn and

23 "reproduction" and "copying" of the Vanicorn.  For example, she argues that she "has not simply

24 alleged that the Pixar Defendants 'copied, reproduced and distributed' her Vanicorn without

25 permission," but "has, in fact, alleged the vital extra element – that the parties had a contract, written

26

27 [6] For this reason, Plaintiff's citation to *Chesler/Perlmutter Prods. v. Fireworks Entm't, Inc.*, 177

28 F. Supp. 2d 1050 (C.D. Cal. 2001), is misplaced.  Unlike here, *Chesler* involved the "extra element" of a specific promise to pay for a concept and services.  *Id.* at 1058-59.

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

by Pixar, which proscribed the use of the Vanicorn" for a specific event.  Mot. at 8.  Plaintiff cannot successfully draw this distinction on the facts of this case.

First, Plaintiff's argument presupposes that Pixar contracted to use her van *in physical form* (which it did) but then used that van *in physical form* in ways not permitted by the contract (which it did not).  Had Pixar rented Plaintiff's van solely for use at the Pixar Day event, but then also drove the van to San Jose and used it as an advertisement for *Onward*, then Plaintiff's argument might make sense.  That latter, unauthorized use of her van could support a breach of contract claim that is qualitatively different from rights protected by copyright and would not be preempted.

But those are not the matters alleged in the current pleading.  Plaintiff's Complaint does not contain any allegation that Pixar used her *van itself* in a manner proscribed by the parties' contract.  *See* Complaint, ¶31.  Rather, as described above, the only allegation of "misuse" is the supposed unauthorized *reproduction* and *copying* of the Vanicorn in animated and/or graphic form in *Onward* and related marketing.  *See id*. ¶¶47-57.  Those are very different claims and sound in copyright.

Second, Plaintiff's own cases confirm this distinction and support Pixar's argument.  In *Altera Corp. v. Clear Logic*, 424 F.3d 1079 (9th Cir. 2005), the court emphasized the difference between alleging a claim premised on use of an item versus a claim premised on reproduction of that item.  There, the plaintiff alleged that defendant "caused Altera customers to use Altera software in violation of its software licensing agreement" by providing that software to third parties. *Id*. at 1089.  Because the software itself was at issue, the court found the claim not preempted because the "right at issue is not the reproduction of the software … but is more appropriately characterized as the use" of that software and information it generated.  *Id*.  Here, *Altera* does not help Plaintiff, as this case does not concern the use of her van in physical form, but rather the alleged copying and reproduction of that van in *Onward*.

In contrast, Plaintiff's breach of contract claim is akin to the contract claim in *Wilder v. CBS Corp.*, 2016 WL 693070 (C.D. Cal. Feb. 13, 2016), also cited by Plaintiff.  In *Wilder*, the plaintiff alleged tortious interference and conspiracy claims arising "out of her allegation that [defendants took plaintiff's] confidential and original work and exploited it for their own gains when they produced and distributed" a television program.  *Id*. at *7.  Rejecting the plaintiff's argument that

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

"her tortious interference with contract claim is not preempted because the claim involves her 'contractual rights,'" the court distinguished *Altera*, noting that "*Altera* dealt with a materially different right: the right of a contracting party to limit the use of a product licensed to its customers." *Id*. Thus, the claim in *Wilder* was preempted because the plaintiff alleged what amounted to "a run-of-the-mill copyright claim: that Defendants copied and reproduced her original work without her permission." *Id*. The same is true here. As in *Wilder*, and "[u]nlike the plaintiff in *Altera*, Plaintiff does not allege that defendants used an end-product in a way proscribed by the [parties'] contract, but rather that they copied, reproduced and distributed her work without her permission." *Id*. Accordingly, the breach of contract claim serves as a basis for removal.

### b) Plaintiff's Unjust Enrichment Claim Is Preempted

Plaintiff's unjust enrichment claim alleges that Defendants "received a benefit from the Plaintiff; namely their use of the Vanicorn as a central character in *Onward*," Complaint, ¶94, but "failed to remunerate" her for that use, *id*. ¶¶95-97. As courts in the Ninth Circuit have repeatedly held, this claim is preempted because it merely alleges that Defendants unfairly benefitted from their unauthorized use of Plaintiff's work and, therefore, contains the same elements as a copyright claim. *See e.g., Montz*, 649 F.3d at 976 (holding that "a claim for unjust enrichment is essentially equivalent to a claim for copyright infringement and is therefore preempted"); *Firoozye*, 153 F. Supp. 2d at 1128 (unjust enrichment claim preempted where allegation was "that the defendants unfairly benefitted from their unauthorized use of" plaintiff's work); *Kantemirov*, 2005 WL 1593533, at *5 (holding that an unjust enrichment claim does "not contain extra elements or assert rights that are qualitatively different from those protected by the Copyright Act"); *Zito v. Steeplechase Films, Inc*., 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003) (holding that "where the unjust enrichment arises from defendants' unauthorized use of a copyrighted work, such an extra element does not qualitatively change the rights at issue…and does not avoid preemption").[7]

---

[7] *See also Design Data Corp. v. Unigate Enterprise, Inc*., 2013 WL 360542, at *7 (N.D. Cal. Jan. 29, 2013) ("A state law cause of action for quasi-contract should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyrighted subject matter."); *SST Records, Inc. v. Mould*, 2013 WL 12131167, at *2 (C.D. Cal. July 10, 2013) ("Generally, "a state law cause of action for unjust enrichment should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter.").

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

1    Consistent with the foregoing cases, in 2014 this Court held that an unjust enrichment claim

2    with allegations strikingly similar to Plaintiff's allegations was preempted by the Copyright Act.

3    *See AJ Mgmt. Consulting, LLC v. MBC FZ-LLC*, 2014 WL 2878891, at *6-7 (N.D. Cal. June 24,

4    2014) (Freeman, J.).  Like Plaintiff here, the plaintiff in *AJ Management* did not point to any "extra

5    elements" that might distinguish its claim.  *Id.* at *6.  Rather, as the Court explained:

> [I]n Plaintiff's own words: "Defendant was able to use and otherwise distribute the
> timePlay application to those that downloaded the Omar Application without having
> a license from Plaintiff to do so.  This simple act benefitted the Defendant by
> allowing it to leverage the Plaintiff's valuable and powerful intellectual property."
> Based on Plaintiff's description of its own claim, the Court is persuaded that
> Plaintiff's unjust enrichment claim "at its core alleges that the defendant unfairly
> benefited from their unauthorized" distribution of the timePlay application.  As
> such, the claim is "equivalent to the rights protected in section 106 of the Copyright
> Act and is therefore preempted."

*Id.* (quoting *Firoozye*, 153 F. Supp. 2d at 1128).  The same analysis applies here, as Plaintiff

similarly has not alleged anything other than Pixar's supposed unfair benefit from its "use of the

Vanicorn" without authorization and without compensating her for that use.

### c)    Plaintiff's Fraud-Based Claims Are Preempted

Although Plaintiff does not even attempt to contest that her claims for fraudulent

misrepresentation, fraudulent concealment, and constructive fraud are not preempted by the

Copyright Act, had she done so, that argument would also fail.  Like her other claims, each of

Plaintiff's fraud-based claims depends on the allegations that (i) Pixar promised not to use the

Vanicorn for any purpose other than as stated in the parties' contract, thereby implicitly promising

not to use the Vanicorn in *Onward* or related marketing materials, and (ii) she was not compensated

for Pixar's subsequent, unauthorized use.  *E.g.*, Complaint, ¶¶ 28, 65-66, 70, 74, 78, 82, 85.

In those allegations, however, Plaintiff does not assert an "extra element," such as a

misrepresentation, that distinguishes Pixar's purported fraudulent promises from the same promises

that supposedly form the basis for her breach of contract claim, and, as explained in Section

III.B.3(a), *supra*, from a claim for copyright infringement.  *See e.g.*, *Giddings v. Vision House

Prod.*, 2007 WL 2274800, at *3 (D. Ariz. Aug. 3, 2007) (fraud claim preempted because allegations

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

were derived from defendants' unauthorized reproduction and distribution of plaintiff's artwork); *Design Art v. NFL Props., Inc.*, 2000 WL 1919787, at *2 (S.D. Cal. Nov. 27, 2000) (fraud claim preempted because "plaintiffs contend[ed] that defendants fraudulently engaged in acts that are reserved for copyright holders"); *see also Lowry's Reports, Inc. v. Legg Mason, Inc.*, 186 F. Supp. 2d 592, 595 (D. Md. 2002) (fraud claim that was "no more than a statement that it had been cheated out of money it would have made had it been paid for the activities of copying and distribution of copies" was qualitatively no different than a copyright claim and was therefore preempted).

Although some fraud claims are not preempted due to an extra misrepresentation element, "[i]t is not that simple.  Courts do not automatically conclude that, if misrepresentation or deceit is alleged, a claim is not preempted by copyright." *Terarecon, Inc. v. Fovia, Inc.*, 2006 WL 1867734, at *3 (N.D. Cal. July 6, 2006); *see also Litchfield v. Spielberg*, 736 F.2d 1352, 1358 (9th Cir. 1984) (holding that "in so far as [misrepresentation claims] are restatements of the copyright infringement claims, they are preempted by federal copyright law").  To the contrary, to avoid preemption, "the misrepresentation must be based on a core of allegations dissimilar from those on which the copyright infringement claim is based." *Giddings*, 2007 WL 2274800, at *3.  By way of example, in *Valente–Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir. 1989), the court found a fraud claim *not* preempted because plaintiff alleged that defendant "intentionally misrepresented its intent to perform the contract."  On the other hand, in *Terarecon*, the claims *were* preempted because the alleged misrepresentation concerned only "the limited uses to which the [software in question] would be put to use." *Terarecon, Inc.*, 2006 WL 1867734, at *4.

This case is analogous to *Terarecon*.  Plaintiff does not allege any misrepresentation beyond Pixar's supposed representation and/or omission regarding *how it would use* the Vanicorn. *E.g.*, Complaint, ¶64 ("Defendant Pixar represented to the Plaintiff that an important fact – that the Vanicorn would only be used strictly for the Pixar one day music festival and activity day for Pixar employees … was true."); *id*. ¶74 ("The Defendants concealed and/or suppressed a material fact, namely that the Vanicorn would be used as a central character in the *Onward* motion picture."); *id*. ¶82 ("Defendant Pixar did not disclose that it would be using the Plaintiff's Vanicorn beyond the one day music festival…").  As a result, Plaintiff's fraud claims are based entirely on the notion

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372

that, as a result of the alleged misrepresentations, Pixar used her property in an unauthorized manner that infringed on her right to control that use.  Under the foregoing case law, that claim is preempted.  *See, e.g., Designs Art*, 2000 WL 1919787, at \*2 ("[T]o the extent that plaintiffs' fraud claim is predicated on the conversion and improper utilization of plaintiffs' works, plaintiffs are in essence contending that defendants interfered with plaintiffs' exclusive right as the copyright holder of the subject works.  Such a claim is not qualitatively different from a copyright claim.").

Notably, as discussed above in connection with Plaintiff's breach of contract claim, her entire Complaint again reinforces this conclusion.  Specifically, the misrepresentation allegations that form the basis for her present fraud-based claims are the *exact same* allegations, word for word, that formed the basis for her copyright claims in the 2020 Copyright Complaint.  *Compare* Complaint, ¶¶21-30 *with* 2020 Copyright Complaint, ¶¶26-35.  Those identical allegations, therefore, belie any argument Plaintiff might make that she has alleged additional misrepresentations that distinguish her present fraud-based claims from her prior copyright claims, as opposed to merely relabeling her claims to suit her present purposes.

> **d)     Plaintiff's Promissory Estoppel Claim Is Preempted**

Finally, the same reasoning applies to Plaintiff's claim for promissory estoppel.  Here, too, Plaintiff alleges that (i) Pixar made a "clear and unambiguous promise" that it "would only be using" the Vanicorn for a limited purpose, and (ii) she has been injured by Pixar's "use of the Vanicorn."  Complaint, ¶¶88-91.  That claim is not materially different than her contract and fraud-based claims and is similarly preempted.

For example, where the alleged promise was not to *use* a work rather than a promise to *pay* for such use, the claim is akin to copyright and is preempted.  *See e.g., Morris v. Atchity*, 2009 WL 463971, at \*10 (C.D. Cal. Jan. 13, 2009) (claim for promissory estoppel preempted because plaintiff claimed ownership of a derivative work); *see also Del Madera*, 820 F.2d at 977 (holding that a "promise not to use or copy materials within the subject matter of copyright is equivalent to the protection provided by section 106 of the Copyright Act").  On the other hand, in *Firoozye*, a promissory estoppel claim was not preempted because it involved an additional element, the promise to pay plaintiff for his work.  153 F. Supp. 2d at 1128.

1       Here, mirroring her breach of contract and fraud-based claims, Plaintiff's promissory

2  estoppel claim *does not allege* an additional element, such as a promise to pay that was not fulfilled.

3  Paragraphs 88-91 of the Complaint include no such allegation and, as discussed in Section

4  III.B.3(a), *supra*, nothing in the Complaint alleges a promise to pay for any use of the Vanicorn

5  beyond the specific use set forth in the parties' contract (which Pixar paid).  Instead, once again,

6  Plaintiff's promissory estoppel claim only concerns Pixar's alleged promise not to use the Vanicorn

7  outside the scope of that contract.  For the reasons stated above, that claim is not qualitatively

8  different from a copyright claim and, therefore, is also preempted.

9  **IV.**    **CONCLUSION**

10       For the foregoing reasons, Pixar respectfully submits that Plaintiff's Motion to Remand

11  should be denied.

DATED:  March 24, 2022          Respectfully submitted,

PAUL HASTINGS LLP

By:  */s/ Steven A. Marenberg*
         Steven A. Marenberg

Attorneys for Defendants Pixar Animation
Studios, Pixar Talking Pictures, Walt Disney
Motion Pictures Group, and Kori Rae

OPPOSITION TO PLAINTIFF'S MOTION
TO REMAND – 22-CV-00372