UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SWEET CICELY DANIHER,<br><br>   Plaintiff,<br><br>  v.<br><br>PIXAR ANIMATION STUDIOS, et al.,<br><br>   Defendants. | Case No. 22-cv-00372-BLF<br><br>**ORDER DENYING PLAINTIFF SWEET CICELY DANIHER'S MOTION TO REMAND**<br><br>[Re: ECF No. 21] |

Before the Court is Plaintiff Sweet Cicely Daniher's motion to remand the above-captioned case to California State Court. Ms. Daniher's case alleges that Defendants Pixar Animation Studios, Pixar Talking Pictures, Walt Disney Motion Pictures Group, and Kori Rae (collectively, "Pixar") improperly used her unicorn-painted van (or "Vanicorn") in the 2020 animated feature film *Onward*. Ms. Daniher filed the present action against Pixar in Alameda County Superior Court, asserting state law claims. *See* Complaint, ECF No. 1-2. Pixar removed the action, asserting that the Court has federal subject matter jurisdiction because at least one of Ms. Daniher's claims is preempted by federal copyright law. *See* Notice of Removal, ECF No. 1. Ms. Daniher now seeks to remand the action, arguing that Pixar waived its right to federal jurisdiction by opposing her copyright claim in a prior federal action and that her claims are otherwise not preempted. *See* Motion, ECF No. 21; Reply, ECF No. 28. Pixar opposes, arguing that Ms. Daniher's claims do not contain any elements qualitatively different from federal copyright claims, so they are preempted. *See* Opposition, ECF No. 27.

Based on the below reasoning, the Court DENIES Ms. Daniher's motion to remand.

**I. BACKGROUND**

Ms. Daniher is a tattoo artist who lives in San Francisco, California. *See* Complaint,

1  ECF No. 1-2 ¶ 1. Defendants Pixar Animation Studios, Pixar Talking Pictures, and Walt Disney
2  Motion Pictures Group, Inc. are California corporations headquartered in California. *See id.* ¶¶ 2–5.
3  Defendant Kori Rae is a California resident and the producer of the movie *Onward*. *See id.*
4  ¶¶ 6, 32, 41.

5  In January 2014, Ms. Daniher bought a dark blue 1972 Chevrolet G10 van with red shag
6  carpeting, red velour walls and seating, and a white shag carpet roof. *See id.* ¶ 11. Ms. Daniher
7  designed a unicorn mural to be painted on the side of the van and had it applied in November 2014—
8  dubbing the end product her "Vanicorn." *See id.* ¶¶ 15–17. On September 4, 2018, Jane Clausen,
9  a Pixar representative, contacted Ms. Daniher about renting the van for a one-day social event at a
10 Pixar facility. *See id.* ¶ 20. During their subsequent correspondence, Ms. Clausen indicated that the
11 van "would just be a show piece and not used in any way other than a visual prop" for a "one day
12 music festival/activity day for Pixar employees and families." *See id.* ¶ 22; *see id.*, Ex. C.

13 Ms. Daniher agreed to lease the Vanicorn to Pixar for three and a half days—from
14 September 12 to September 15. *See id.* ¶¶ 26–27. The agreement was memorialized in a lease
15 contract (the "Lease Contract") prepared by Pixar and executed on September 10, 2018. *See id.*
16 ¶¶ 25–26. The Lease Contract stated that Pixar would rent the Vanicorn "in connection with the
17 Pixar event, to be held on September 14, 2018 (the 'Production')." *See id.* ¶ 26. In exchange, Pixar
18 agreed to pay Ms. Daniher a confidential sum of money. *See id.* ¶ 27. The Lease Contract included
19 the following provisions:

> All rights of every kind in and to all of the results and proceeds (including, without limitation, photography, filming and sound recordings) arising out of the use of the Vehicle in connection with the Production shall be solely owned in perpetuity, throughout the universe, by any means, devices, or methods, now known and unknown and in any media, now known and unknown, by Producer [Pixar] and its successors and assigns, and neither Lessor [Ms. Daniher] or any of its employees, agents or affiliates or other party now or hereafter having an interest in said Vehicle shall have any right of action, including without limitation any right to injunctive relief against Producer [Pixar], its successors, assigns and/or any other party arising out of any use or non-use of said photography, filming and/or sound recordings. Neither Producer [Pixar], nor its successors, assignees or licensees shall be obligated to make any actual use of any photography, recordings, depictions or any other results or proceeds from the use of the Vehicle in any motion picture or otherwise.

*See id.* ¶ 29.

Ms. Daniher produced the Vanicorn according to the terms of the Lease Contract, and Pixar held its event on September 14, 2018. *See id.* ¶ 31. Around May 31, 2019, Ms. Daniher discovered that Pixar was producing *Onward*. *See id.* ¶ 32. *Onward* features a character named Guinevere, which is a dark blue 1972 Chevrolet G10 van with a red interior, and "a big mural of a unicorn on its side . . . that is clearly a direct copy and/or visual duplication and/or doppelgänger" of Ms. Daniher's Vanicorn. *See id.* ¶ 34. On May 31, 2019, Ms. Daniher posted a photo of the Vanicorn alongside an image of the *Onward* Guinevere character on Instagram. *See id.* ¶ 39; *id.*, Ex. G. In the caption, Ms. Daniher indicated that Pixar had copied the Vanicorn for the Guinevere character. *See id.*

On June 3, 2019, Defendant Kori Rae, the producer of *Onward*, telephoned Ms. Daniher. *See id.* ¶ 40. Ms. Rae "apologized to the Plaintiff for the theft of the Vanicorn for its use as the Guinevere character." *See id.* ¶ 41. Ms. Rae "admitted to the Plaintiff that the Defendants intentionally did not inform her . . . that they, in fact, intended to use the Vanicorn as the Guinevere character in Onward, because at that time, the movie had no title, and the Defendants believed they couldn't have the Plaintiff sign a non-disclosure agreement without a title, and so the Defendants simply did not reveal their intentions[.]" *See id.* ¶ 42.

On January 27, 2020, Ms. Daniher filed a copyright infringement action in this District—*Daniher v. Rae*, No. 20–cv–612 (N.D. Cal.) (the "Copyright Action"). *See* Copyright Action Complaint, ECF No. 21-2. On March 13, 2020, Pixar's counsel telephoned Ms. Daniher's counsel to advise of his belief that she did not have a federal claim for copyright infringement. *See* Motion, ECF No. 21 at 2. Pixar's counsel memorialized his belief in a March 16, 2020 email. *See id.*, Ex. C. Pixar's counsel indicated that the flaws in Ms. Daniher's copyright claim included that (1) she was not the author of the Vanicorn, because she hired someone to paint the unicorn mural and (2) the unicorn design was copied from a preexisting work—"Moonlight Magic" by Sharlene Lindskog-Osorio. *See id.*, Ex. C at 2–3. On March 19, 2020, Ms. Daniher filed a Notice of Voluntary Dismissal of the Copyright Action. *See id.*, Ex. D. Further, Ms. Daniher cancelled her registered copyright in the Vanicorn on March 21, 2020. *See id.*, Ex. E.

On November 18, 2021, Ms. Daniher filed the present action against Pixar in Alameda County Superior Court. *See* Complaint, ECF No. 1-2. Ms. Daniher exclusively asserts state law claims. First, Ms. Daniher alleges breach of contract based on Pixar's alleged violation of the Lease Contract. *See id.* ¶ 62. Ms. Daniher's allegations include that Pixar failed to limit the use of the Vanicorn to the one-day event or to make any "appropriate adjustment of the confidential fee" for use of the Vanicorn in *Onward*. *See id.* Second, Ms. Daniher alleges fraudulent misrepresentation, fraudulent concealment, and constructive fraud based on Pixar's representation to Ms. Daniher that it would only use the Vanicorn for the one-day event. *See id.* ¶¶ 64–86. Third, Ms. Daniher asserts a claim for promissory estoppel, alleging that Pixar "made a clear and unambiguous promise" to only use the Vanicorn for the one-day event. *See id.* ¶¶ 87–93. Fourth, Ms. Daniher asserts a claim for unjust enrichment, alleging that Pixar received a benefit from their use of the Vanicorn without remunerating Ms. Daniher for that use. *See id.* ¶¶ 94–99.

Pixar removed the action to federal court on January 19, 2022, asserting that removal was justified under the complete preemption doctrine because one or more of Ms. Daniher's claims was preempted by the Copyright Act. *See* Notice of Removal, ECF No. 1. Ms. Daniher seeks to remand the case to California State Court, arguing that Pixar waived its right to removal through its conduct during the Copyright Action and that Ms. Daniher's claims are state law claims that are not preempted by federal law. *See* Motion, ECF No. 21. Pixar opposes. *See* Opposition, ECF No. 27.

## II. LEGAL STANDARD

A defendant may remove to federal court any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required." *Id.*

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

4

pleaded complaint." *Caterpillar*, 482 U.S. at 392. "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

There are two exceptions to the well-pleaded complaint rule. *See City of Oakland v. BP PLC*, 969 F.3d 895, 904–05 (9th Cir. 2020). First, "the Supreme Court has recognized a special and small category of state-law claims that arise under federal law for purposes of § 1331 because federal law is a necessary element of the . . . claim for relief." *Id.* at 904 (quotation marks and citation omitted). "A second exception to the well-pleaded-complaint rule is referred to as the 'artful-pleading doctrine.'" *Id.* at 905. "This doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Id.* (quotation marks and citation omitted).

### III.   DISCUSSION

The parties have two primary disputes: (1) whether Pixar waived its right to remove this action to federal court and (2) whether any of Ms. Daniher's claims is completely preempted by federal copyright law. The Court considers each issue in turn.

#### A.   Waiver of Right to Removal

Ms. Daniher argues that Pixar waived the right to remove this action. "A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994) (citations omitted). A waiver of the right of removal must be clear and unequivocal. *See id.*

Ms. Daniher argues that Pixar waived the right to remove the present action to federal court because in the Prior Copyright Action, Pixar asserted in correspondence with Ms. Daniher that she did not have a copyright claim. *See* Motion, ECF No. 21 at 4–6; *id.*, Ex. C. Pixar argues that it did not take actions in state court that manifested its intent to have the matter adjudicated there. *See* Opposition, ECF No. 27 at 3. Pixar points out that the only action it took in state court was filing its Notice of Filing of Notice of Removal to this Court. *See id.* Further, Pixar argues that its

1    correspondence regarding its prior federal action cannot serve to waive removal of Ms. Daniher's
2    subsequent state action. *See id.* at 4. Additionally, Pixar argues that the correspondence Ms.
3    Daniher identifies addressed the lack of merit of her copyright claim—not the issue of subject matter
4    jurisdiction. *See id.*

5    The Court agrees with Pixar. Pixar's conduct in the Prior Copyright Action did not constitute
6    "actions in state court that manifest[ed] [its] intent to have the matter adjudicated there"—let alone
7    a "clear and unequivocal" waiver. *Bayside*, 43 F.3d at 1240. Daniher can point to no authority
8    finding waiver of a party's right of removal based on that party's conduct in a prior federal action
9    preexisting a state court action the party seeks to remove to federal court.

10   Accordingly, the Court finds that Pixar did not waive its right to remove the present action
11   to federal court.

   **B.  Preemption**

13   The parties dispute whether Ms. Daniher's claims are preempted by federal copyright law.
14   Under 17 U.S.C. § 301(a), a state claim is preempted by the Copyright Act if (1) it pertains to a
15   work within the subject matter of copyright under Sections 102 and 103 and (2) it asserts "legal or
16   equitable rights that are equivalent to any of the exclusive rights within the general scope of
17   copyright" under Section 106. *See* 17 U.S.C. § 301(a); *Montz v. Pilgrim Films & Television, Inc.*,
18   649 F.3d 975, 979 (9th Cir. 2011) (citing *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968
19   (9th Cir. 2004)). If a state law claim includes an "extra element" that makes the right asserted
20   qualitatively different from those protected under the Copyright Act, the state law claim is not
21   preempted by the Copyright Act. *See Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089
22   (9th Cir. 2005).

23   Ms. Daniher argues that her claim for breach of the Lease Contract is not preempted by
24   federal copyright law. *See* Motion, ECF No. 21 at 6–9. Under the first prong of the
25   17 U.S.C. § 301(a) preemption test, Ms. Daniher argues that the Vanicorn is not within the subject
26   matter of copyright because she cancelled her copyright registration after the parties agreed that she
27   did not have a federal copyright claim. *See id.* at 7. Under the second prong of the
28   17 U.S.C. § 301(a) preemption test, Ms. Daniher argues that the rights under the contract are not

6

equivalent to the exclusive rights within the scope of copyright, because the contract required that Pixar use it only for the one-day event on September 14, 2018. *See id.* at 7–9.

In response, Pixar argues that the determinative test for the first prong of the 17 U.S.C. § 301(a) preemption test is whether the Vanicorn is a kind of work that comes within the subject matter of the Copyright Act—not whether it is actually protected. *See* Opposition, ECF No. 27 at 5–6. Pixar argues that the Vanicorn is unquestionably a kind of work covered by the Copyright Act, since as a van with an airbrushed mural it is an artwork that "falls within a category that is eligible for protection in certain instances." *See* Opposition, ECF No. 27 at 6 (quoting *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1124–25 (N.D. Cal. 2001)). Under the second prong of the 17 U.S.C. § 301(a) preemption test, Pixar argues that the rights asserted in each of Ms. Daniher's claims are equivalent to rights within the scope of the Copyright Act. *See id.* at 6–10. Pixar argues that Ms. Daniher's breach of contract claim is preempted because there is no "extra element" qualitatively different than the rights under the Copyright Act—Ms. Daniher is merely alleging that Pixar unlawfully duplicated the Vanicorn. *See id.* at 7–8. Further, Pixar argues that Ms. Daniher's non-contract claims are preempted. *See id.* at 9–10. Pixar argues that Ms. Daniher's unjust enrichment claim merely alleges that Pixar unfairly benefitted from its unauthorized use of the Vanicorn without remunerating Ms. Daniher. *See id.* at 9. Pixar argues that Ninth Circuit courts have repeatedly found such claims preempted. *See id.* Further, Pixar argues that Ms. Daniher's fraud and promissory estoppel claims are preempted, since they are not qualitatively different from copyright claims. *See id.* at 9–10.

Under the first prong of the 17 U.S.C. § 301(a) preemption test, the Court agrees with Pixar. The question here is not whether a work is protected by copyright, but rather whether it is the kind of work covered by the Copyright Act. *See Firoozye*, 153 F.Supp.2d at 1125 ("Whether this particular piece of software is copyrightable is not the relevant question, however. Instead, the issue for the purpose of a preemption analysis is whether the work involved is a kind of work that comes within the subject matter of the Copyright Act. Even uncopyrightable ideas that are part of copyrighted works come within the subject matter of copyright."); *Chesler/Perlmutter Prods., Inc. v. Fireworks Entm't, Inc.*, 177 F.Supp.2d 1050, 1057–58 (C.D. Cal. 2001) ("Although Plaintiff has

not alleged that its written treatment and scripts were copyrighted, the Court finds it sufficient that they were in copyrightable form for the purpose of determining that Plaintiff's work falls within the subject matter of copyright."); 17 U.S.C. § 301(a) (Copyright Act preemption applies for "works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103"). The Vanicorn clearly is. *See* 17 U.S.C. § 102 ("Works of authorship include . . . pictorial, graphic, and sculptural works[.]"); 17 U.S.C. § 103 ("The subject matter of copyright as specified by section 102 includes compilations and derivative works[.]"). Ms. Daniher can point to no authority in support of her position that the Vanicorn is not within the subject matter of copyright under Sections 102 and 103 of the Copyright Act because she cancelled her registered copyright and the parties agree that she does not have a copyright claim based on the Vanicorn.

Moving to the second prong of the 17 U.S.C. § 301 preemption test, the Court notes that Ms. Daniher did not provide any briefing on whether her non-contract claims are preempted by the Copyright Act. *See* Motion, ECF No. 21; Reply, ECF No. 28. Nonetheless, it is still Pixar's burden to show that removal is appropriate. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[T]he defendant always has the burden of establishing that removal is proper.").

The Court finds that at least as to Ms. Daniher's unjust enrichment claim, Pixar has met its burden for showing that Ms. Daniher's claim is preempted by federal law. There is no "extra element" to Ms. Daniher's unjust enrichment claim qualitatively different than a copyright claim. *See Altera.*, 424 F.3d at 1089 (9th Cir. 2005). Ms. Daniher's unjust enrichment claim is solely predicated on Pixar's alleged "benefit" from its "use of the Vanicorn as a central character in Onward" without remunerating Ms. Daniher for that use. *See* Complaint, ECF No. 1-2 ¶¶ 94–96. The Court does not see how such a claim is qualitatively different than a copyright claim, particularly without any briefing from Ms. Daniher on the issue. *See AJ Mgmt. Consulting, LLC v. MBC FZ-LLC*, No. 13–cv–03213–BLF, 2014 WL 2878891, at *6 (N.D. Cal. June 24, 2014) (finding unjust enrichment claim preempted that "at its core alleges that the defendant[] unfairly benefitted from their unauthorized" distribution of plaintiff's work) (quoting *Firoozye*, 153 F.Supp.2d at 1128); *Del Madera Props. v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977

(9th Cir. 1987) (finding unjust enrichment claim preempted by the Copyright Act); *see also Selby v. New Line Cinema Corp.*, 96 F.Supp.2d 1053, 1062 (C.D. Cal. 2000) ("Plaintiff's breach of implied contract claim falls squarely into the category of contract claims that allege no additional rights other than promising not to benefit from the [plaintiff's] work") (quoting *Endemol Entm't B.V. v. Twentieth Television, Inc.*, 48 U.S.P.Q.2d 1524, 1528 (C.D. Cal. 1998)).

Accordingly, the Court finds that Ms. Daniher's unjust enrichment claim is preempted by the Copyright Act. Since denial of a motion to remand is warranted if any of Ms. Daniher's claims is preempted by federal law, the Court DENIES Ms. Daniher's motion. *See Firoozye*, 153 F.Supp.2d at 1123 ("[I]f any of the plaintiff's claims are preempted under the Copyright Act, . . . [t]his Court would then possess subject matter jurisdiction over the entire complaint, thereby requiring the Court to deny the plaintiff's motion to remand."). The Court does not need to consider whether any of Ms. Daniher's other claims are preempted. *See id.*

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Ms. Daniher's motion to remand is DENIED.

Dated: May 10, 2022

_____
BETH LABSON FREEMAN
United States District Judge

9